UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |
|---|---|
| MICHELLE IWAN ET AL., : | Case. No. 1:15-CV-2540 |
| Plaintiffs, : |  |
| v. : | OPINION & ORDER |
|  : | [Resolving Doc. 21] |
| PETCO ANIMAL SUPPLIES STORES, INC., ET AL., : |  |
| Defendants. : |  |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Michelle Iwan et al. bring negligence and products liability claims stemming from an injury to her son, minor Thomas Iwan Jr. Thomas Iwan became injured when he stepped on a tethering stake anchored in Defendants James and Shauna Ciolek's yard.[1]

Defendants filed a motion to dismiss based on lack of subject matter jurisdiction, alleging that complete diversity amongst the parties is lacking because Plaintiffs and at least two of the Defendants are citizens of Ohio.[2] For the reasons below, this Court **GRANTS** the motion to dismiss without prejudice.

## I.     Background

On December 9, 2015, Plaintiffs Michelle Iwan et al. filed a lawsuit in this Court bringing negligence and product liability claims. The action arose when minor Thomas Iwan Jr. stepped on a tethering stake in the yard of Defendants James and Shauna Ciolek. Thomas Iwan was playing at the Ciolek's home with the Ciolek's minor children.

Plaintiffs sued Petco Animal Supply Stores Inc. and Failsafe products of America as "manufacturers, fabricators, designers, formulators, creators, makers, processors, distributors,

---

[1] Doc. 1.
[2] Doc. 21.

Case No.15-CV-2540
Gwin, J.

importers, or merchants of the stake in question."[3] Plaintiffs also sued Defendants James and Shauna Ciolek for negligence.

On May 4, 2016, Defendants filed a motion to dismiss the case based on a lack of jurisdiction. Defendants argue that Plaintiffs do not allege federal question jurisdiction and there is no complete diversity because Plaintiffs are Ohio citizens as are Defendants James and Shauna Ciolek and Ohio Corporation Failsafe Products LLC.[4] On May 11, 2016, Plaintiffs filed a response to the motion to dismiss, offering to dismiss the Cioleks and Failsafe Products in order to have complete diversity as to Defendant Petco Animal Supply Stores.[5]

On May 16, 2016, Defendants filed a reply in support of the motion to dismiss, arguing that Failsafe and the Cioleks are indispensable parties and Plaintiffs' effort to proceed only against Petco should be denied.[6]

## II.     Law and Discussion

Under Federal Rule of Civil Procedure 12(b)(1), a party may file a motion to dismiss to challenge subject matter jurisdiction. United States district courts have jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, and each defendant is a citizen of a state different than each plaintiff.[7]

Federal Rule of Civil Procedure 21 permits a district court to retain diversity jurisdiction over a case by dropping a non-diverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19.[8] A party is "needed for just adjudication" under Rule 19 if: (1) complete relief cannot be given to existing parties in his absence; (2) disposition in his

---

[3] *Id*. at ¶10.
[4] Doc. 21.
[5] Doc. 23.
[6] Doc. 24.
[7] *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).
[8] *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994) (collecting citations).

Case No.15-CV-2540
Gwin, J.

absence may impair his ability to protect his interest in the controversy; or (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations.[9]

This Court finds that the non-diverse parties, namely the Cioleks and Failsafe are necessary and indispensable parties. First, Plaintiffs' claimed injuries arise out of the same set of operative facts and circumstances—Thomas Iwan Jr. stepping on the tethered stake in the Cioleks' yard. The issues in the case involve: proximate cause of the Plaintiff's injuries, potential comparative fault, whether the product was unreasonably unsafe, whether the product was used improperly, and an evaluation of damages. These issues affect all of the named Defendants and are intertwined.

Further, Plaintiff's product liability claims against Failsafe and Petco are identical. If the claims against Failsafe were pursued in state court while the claims against Petco were pursued in federal court, it risks inconsistent outcomes. Moreover, the absence of Failsafe and the Cioleks could impair Petco's ability to protect its interest in the controversy given the potential comparative liability issues. Allowing Plaintiffs to pursue only their claim against Petco in this Court while potentially pursuing the claims against the other named Defendants in state court would promote forum shopping.

Finally, running parallel state and federal litigation is inefficient.

---

[9] *Id.* (citing Fed.R.Civ.P. 19(a)(1);(a)(2)(i)-(ii)).

3

Case No.15-CV-2540
Gwin, J.

### III. Conclusion

For the reasons above, the Court **GRANTS** Defendants' motion to dismiss the case without prejudice.

IT IS SO ORDERED.


Dated: May 18, 2016                                          *s/     James S. Gwin*
                                                             JAMES S. GWIN
                                                             UNITED STATES DISTRICT JUDGE